UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV690-J

JAMES T. JAMISON                                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                         DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of James Jamison ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be remanded for further proceedings not inconsistent with this opinion.

## PROCEDURAL HISTORY

On August 19, 2005, Claimant filed application for supplemental security income benefits, alleging that he became disabled as of January 12, 2005. After a hearing, Administrative Law Judge Don Paris ("ALJ") determined that claimant's degenerative disc disease of the cervical spine and low back pain were severe impairments that prevented his performance of any past relevant work. The ALJ further found that claimant retained the residual functional capacity for a limited range of light work, and that jobs he could perform exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on October 18, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that substantial evidence fails to support the finding that he could perform the identified jobs. Mr. Jamison points to his complaints of numbness in both upper and lower extremities, and he argues that the ALJ focused his analysis on pain and failed to take into account the additional restrictions arising from numbness in his hands and fingers. Defendant concedes that the ALJ appeared to focus his analysis on the pain, but argues that this was because pain was plaintiff's chief complaint. That does not appear to be accurate: While plaintiff did complain of constant pain in his neck and back (Tr. 415), his answer to the question of why he was unable to work was, "Well, my arms, they go numb, and I start, they get numb, and I start dropping things." Tr. 413. .

Thus, Mr. Jamison claimed that his cervical problems give rise to two *different* symptoms, these being numbness and pain, and the medical evidence confirms that he has complained of these problems in the past. While plaintiff testified that his pain is constant, he said that the numbness is

2

intermittent. He stated that the numbness may be triggered by "overexertion," and the example he cited was attempting to assist his mother with dishwashing, and being struck by numbness when he lifted plates. Tr. 421. Because of the differences between the two different symptoms, any ambiguity in the ALJ's analysis is magnified. For example, the ALJ contrasted Mr. Jamison's claim of numbness leading to dropping things with Dr. Carter's December 10, 2005 examination findings of "normal gait and station as well as hand and arm movements." Tr. 23. Unfortunately, the significance of this is difficult to ascertain because the ALJ did not explain the reasoning that led him to conclude that Dr. Carter's findings of "normal hand and arm movements" would be inconsistent with Mr. Jamison's statement that his hands and fingers numbness is not constant, but "comes and goes." Tr. 421.

Similar confusion arises when the Court reviews the ALJ's "ability to lift" analysis. Mr. Jamison testified that he could pick up around ten pounds. Tr. 421. Yet the medical records of Spencer Community Health Center show that in August of 2006, the doctor discussed with him the "availability of non-lifting jobs." Tr. 358. If these two pieces of information are viewed as both referring to restrictions arising from pain (constant) or both referring to restrictions arising from numbness (not constant), they seem to be in conflict. If, on the other hand, we admit of the possibility that one refers to a limitation arising from constant pain, and the other to a limitation arising from the intermittent numbness, the conflict evaporates and a different analysis is needed.

It is clear from the decision that the ALJ was *aware* of both the complaints of pain and the complaints of numbness; however, because of the ambiguities discussed above, it is not possible for the Court to determine whether the ALJ *addressed* both the pain and the numbness. It follows that it is not possible for the Court to determine whether substantial evidence supports the ALJ's

determinations regarding residual function and credibility. The matter must be remanded for clarification.

An order in conformity has this day entered.