UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV690-J

JAMES T. JAMISON                                                                                          PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                      DEFENDANT

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's request for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. The Commissioner contends that the EAJA is inapplicable because his position was substantially justified under the definition provided in Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991) ("justified to a degree that could satisfy a reasonable person"). This is not a case of disregard of legal principles or even of disagreement regarding the existence of substantial evidence. Rather, the judgment in favor of plaintiff was based on the Court's determination that there were *ambiguities* in the Administrative Law Judge's decision, ambiguities that prevented the Court from determining whether substantial evidence supported the decision, and required remand for clarification. This Court cannot agree that the "partial waiver of sovereign immunity" represented by the EAJA was intended to apply in the circumstances of this case. Ardestani v. INS, 502 U.S. 129, 137 (1991).

It appearing that the Commissioner's position was substantially justified,

IT IS ORDERED that plaintiff's request for fees pursuant to 28 U.S.C. Sec. 2412 is denied.

It is clear from the decision that the ALJ was *aware* of both the complaints of pain and the complaints of numbness; however, because of the ambiguities discussed above, it is not possible for the Court to determine whether the ALJ *addressed* both the pain and the numbness. It follows that it is not possible for the Court to determine whether substantial evidence supports the ALJ's determinations regarding residual function and credibility. The matter must be remanded for clarification.

An order in conformity has this day entered.